Kennedy D. Nate (14266)
Michael K. Erickson (12503)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
knate@rqn.com
merickson@rqn.com

William B. Dyer III (to be admitted *pro hac vice*)
Hala Mourad (to be admitted *pro hac vice*)
Ryan P. Gentes (to be admitted *pro hac vice*)
Steven Philbin (to be admitted *pro hac vice*)
**LEE & HAYES, P.C.**
75 14th St. NE, Ste. 2500
Atlanta GA 30309
Telephone: (404) 815-1900
bill.dyer@leehayes.com
hala.mourad@leehayes.com
ryan.gentes@leehayes.com
steven.philbin@leehayes.com

*Attorneys for Plaintiff Unirac, Inc*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNIRAC, INC., <br><br>    Plaintiff, <br><br> v. <br><br> EASY SOLAR PRODUCTS, INC., <br><br>    Defendant | **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** <br><br> Case No.: <br><br> U.S. District Judge: |

Plaintiff Unirac, Inc. ("Unirac" or "Plaintiff"), by and through its undersigned counsel, brings this action for patent infringement against Defendant Easy Solar Products, Inc. ("Easy Solar" or "Defendant"), on information and belief, and alleges as follows:

## NATURE OF THE CASE

1. This is an action for patent infringement. Unirac is a leading manufacturer of solar panel mounting systems, junction boxes, roof attachments, roof flashings, and accessories. During its more than 25 years of service, Unirac owns over 250 patents awarded by the United States Patent and Trademark Office for innovative designs in these areas.

2. Easy Solar makes, uses, sells, offers to sell, and/or imports into the United States junction boxes and/or components thereof that infringe Unirac's patented inventions, or induces others to do so, without Unirac's permission and without compensating Unirac for the use of Unirac's patented innovations.

3. This lawsuit is brought by Unirac to end Easy Solar's unauthorized and infringing activities, including making, using, offering to sell, selling, and/or importing into the United States products and/or components that incorporate Unirac's patented inventions, or inducing others to do so, without Unirac's permission and without compensating Unirac; and to recover damages adequate to compensate Unirac for Easy Solar's unlawful and infringing actions.

## THE PARTIES

4. Unirac is a corporation organized and existing under the laws of the State of New Mexico, with a principal place of business at 1411 Broadway Boulevard NE, Albuquerque, New Mexico 87102.

5. On information and belief, Easy Solar is a Utah corporation with its principal place of business at 8385 South Allen Street, Suite 140, Sandy, Utah 84070.

## JURISDICTION AND VENUE

6. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 et seq., including pursuant to 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Easy Solar. On information and belief, Easy Solar has systematic and continuous contact with this forum at least because it is a Utah Corporation, conducts business in this judicial district, and resides in Utah.

8. Venue is proper in this Court under 28 U.S.C. § 1400(b) because Easy Solar is a Utah corporation and, therefore, resides in this district.

## BACKGROUND

### I. Unirac and its Patents

9. Unirac is the owner of the patents at issue in this action: U.S. Patent Nos. 10,594,121 (the "'121 Patent"); 10,804,685 (the "'685 Patent"); 11,349,288 (the "'288 Patent"); 12,068,592 (the "'592 Patent"); D966,199 (the "D199 Patent") and D1,015,279 (the "D279 Patent") (collectively, the "Asserted Patents").

10. On March 17, 2020, the United States Patent and Trademark Office duly and legally issued the '121 Patent, titled "Weatherproof Multipurpose Enclosure With Integrated Flashing." A copy of the '121 Patent is attached as Exhibit 1.

11. Unirac owns all substantial right, title, and interest in the '121 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

12. The claims of the '121 Patent are valid and enforceable.

13. On October 13, 2020, the United States Patent and Trademark Office duly and legally issued the '685 Patent, titled "Weatherproof Multipurpose Enclosure With Integrated Flashing." A copy of the '685 Patent is attached as Exhibit 2.

14. Unirac owns all substantial right, title, and interest in the '685 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

15. The claims of the '685 Patent are valid and enforceable.

16. On May 31, 2022, the United States Patent and Trademark Office duly and legally issued the '288 Patent, titled "Weatherproof Multipurpose Enclosure With Integrated Flashing." A copy of the '288 Patent is attached as Exhibit 3.

17. Unirac owns all substantial right, title, and interest in the '288 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18. The claims of the '288 Patent are valid and enforceable.

19. On August 20, 2024, the United States Patent and Trademark Office duly and legally issued the '592 Patent, titled "Weatherproof Multipurpose Enclosure With Integrated Flashing." A copy of the '592 Patent is attached as Exhibit 4.

20. Unirac owns all substantial right, title, and interest in the '592 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

21. The claims of the '592 Patent is valid and enforceable.

22. On October 11, 2022, the United States Patent and Trademark Office duly and legally issued the D199 Patent, titled "Weatherproof Multipurpose Enclosure." A copy of the D199 Patent is attached as Exhibit 5.

23. Unirac owns all substantial right, title, and interest in the D199 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

24. The claim of the D199 Patent is valid and enforceable.

25. On February 20, 2024, the United States Patent and Trademark Office duly and legally issued the D279 Patent, titled "Rooftop Junction Box." A copy of the D279 Patent is attached as Exhibit 6.

26. Unirac owns all substantial right, title, and interest in the D279 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

27. The claim of the D279 Patent is valid and enforceable.

II. **Easy Solar and Its Unlawful Conduct**

28. Easy Solar competes with Unirac in the solar panel mounting industry.

29. Easy Solar manufactures, markets, and sells junction boxes, which are weatherproof enclosures that allow for cables and wires of solar panels installed on the exterior of a building to be routed to the interior of the building. Two such junction boxes include the JB-1.2 and JB-1.XL products (the "Accused Products").

30. There are no material differences between the JB-1.2 and JB1.XL, shown in the photograph below, in their design and functionality. The main difference between the JB-1.2 and JB1.XL is that the JB1.XL is a larger version of the JB-1.2.



**JB-1.2 (left) and JB1.XL (right)**

31.     On information and belief, Easy Solar instructs end-user customers and installers of the Accused Products to install the Accused Products as directed in the directions, manuals, guides, videos (*see, e.g.,* https://www.youtube.com/watch?v=LyIcxwcaSl8) and product literature of the Accused Products.

32.     On information and belief, third parties in the solar panel mounting industry and other customers of Easy Solar have used and continue to use the Accused Products as directed by Easy Solar, including in the directions, manuals, guides, videos, and product literature of the Accused Products.

33. Easy Solar has been on notice of the '121 Patent, the '685 Patent, and the '288 Patent since at least October 3, 2022, the date on which Easy Solar identified the aforementioned patents in a second Information Disclosure Statement during the prosecution of U.S. Patent No. 11,515,693. Easy Solar continued to identify the '121 Patent, the '685 Patent, and the '288 Patent in Information Disclosure Statements during the prosecution of other Easy Solar patents. Easy Solar has been on notice of all of the Asserted Patents and its infringement of at least one claim of the Asserted Patents since no later than June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

### III.   The Asserted Patents Predate the Accused Products

34. The Asserted Patents predate the Accused Products. The Asserted Claims are entitled to a priority date of at least July 9, 2018, approximately three years before the Accused Products were made publicly available.

35. On information and belief, the Accused Products were not made publicly available until in or around July 2021.

36. Easy Solar does not own any patents disclosing the Accused Products that predate the Asserted Patents. The earliest of Easy Solar's patents is U.S. Patent No. 10,230,227, which was filed on April 26, 2018 as U.S. Patent Application No. 15/963,707 (the "Easy Solar '227 Patent"). Easy Solar has publicly stated that the '227 Patent does not embody the Accused Products. *See, e.g.*, https://ezsolarproducts.com/patents/ (attached as Exhibit 13). On information and belief, Easy Solar does not own any other patents issuing from applications that were filed before the priority date of the Asserted Patents.

37. On information and belief, the Accused Products did not exist at the time of July 9, 2018, the priority date of the Asserted Claims.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,594,121

38. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

39. On information and belief, Easy Solar has indirectly infringed and continues to indirectly infringe each and every element of at least claims 22-24 of the '121 patent under 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement by others, such as end-user customers and installers of the Accused Products, with knowledge of the '121 Patent and with knowledge that others (including Easy Solar's end-user customers and installers) will use the Accused Products in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '121 Patent. Easy Solar had and has the specific intent to encourage the acts of direct infringement by, for example, encouraging end-user customers and installers to practice one or more claims of the '121 Patent by providing directions, manuals, guides, and instructions for installation of the Accused Products that embody the claims. A claim chart detailing examples of Easy Solar's infringement is attached as Exhibit 7.

40. Easy Solar received actual notice of its infringement of the '121 Patent at least as early as June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

41. Unirac has suffered, and continues to suffer, damages as a result of Easy Solar's infringement of the '121 Patent. The extent of damages suffered by Unirac and caused by Easy Solar is not yet known, but the damages are substantial and will be determined at trial.

42. In addition, Unirac and Easy Solar are direct competitors. On information and belief, Easy Solar will continue its infringing activities and continue to damage Unirac unless and until enjoined by this Court.

43. Easy Solar's further infringement of the '121 Patent after the filing of this Complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent rights. Easy Solar's intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,804,685**

44. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

45. On information and belief, Easy Solar has directly infringed and continues to directly infringe each and every element of at least claims 8, 10-13, 17, and 18 of the '685 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Easy Solar's infringement is attached as Exhibit 8.

46. On information and belief, Easy Solar has indirectly infringed and continues to indirectly infringe the '685 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-user customers and installers of the

Accused Products, with knowledge of the '685 Patent and with knowledge that others (including Easy Solar's end-user customers and installers) will use the Accused Products in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '685 Patent. Easy Solar had and has the specific intent to encourage the acts of direct infringement by, for example, encouraging end-user customers and installers to practice one or more claims of the '685 Patent by providing directions, manuals, guides, and instructions for installation of the Accused Products that embody the claims.

47. Easy Solar received actual notice of its infringement of the '685 Patent at least as early as June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

48. Unirac has suffered, and continues to suffer, damages as a result of Easy Solar's infringement of the '685 Patent. The extent of damages suffered by Unirac and caused by Easy Solar is not yet known, but the damages are substantial and will be determined at trial.

49. In addition, Unirac and Easy Solar are direct competitors. On information and belief, Easy Solar will continue its infringing activities and continue to damage Unirac, unless and until enjoined by this Court.

50. Easy Solar's further infringement of the '685 Patent after the filing of this Complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent rights. Easy Solar's intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,349,288

51. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

52. On information and belief, Easy Solar has directly infringed and continues to directly infringe each and every element of at least claims 1, 2, 5, and 7-11 of the '288 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Easy Solar's infringement is attached as Exhibit 9.

53. On information and belief, Easy Solar has indirectly infringed and continues to indirectly infringe the '288 patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-user customers and installers of the Accused Products, with knowledge of the '288 Patent and with knowledge that others (including Easy Solar's end-user customers and installers) will use the Accused Products in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '288 Patent. Easy Solar had and has the specific intent to encourage the acts of direct infringement by, for example, encouraging end-user customers and installers to practice one or more claims of the '288 Patent by providing directions, manuals, guides, and instructions for installation of the Accused Products that embody the claims.

54. Easy Solar received actual notice of its infringement of the '288 Patent at least as early as June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

55. Unirac has suffered, and continues to suffer, damages as a result of Easy Solar's infringement of the '288 Patent. The extent of damages suffered by Unirac and caused by Easy Solar is not yet known, but the damages are substantial and will be determined at trial.

56. In addition, Unirac and Easy Solar are direct competitors. On information and belief, Easy Solar will continue its infringing activities and continue to damage Unirac, unless and until enjoined by this Court.

57. Easy Solar's further infringement of the '288 Patent after the filing of this Complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent rights. Easy Solar's intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,068,592**

58. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

59. On information and belief, Easy Solar has directly infringed and continues to directly infringe each and every element of at least claims 8-11, 13, 14, and 16 of the '592 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Easy Solar's infringement is attached as Exhibit 10.

60. On information and belief, Easy Solar has indirectly infringed and continues to indirectly infringe the '592 patent under 35 U.S.C. § 271(b) by actively, knowingly, and

intentionally inducing infringement by others, such as end-user customers and installers of the Accused Products, with knowledge of the '592 Patent and with knowledge that others (including Easy Solar's end-user customers and installers) will use the Accused Products in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '592 Patent. Easy Solar had and has the specific intent to encourage the acts of direct infringement by, for example, encouraging end-user customers and installers to practice one or more claims of the '592 Patent by providing directions, manuals, guides, and instructions for installation of the Accused Products that embody the claims.

61. Easy Solar received actual notice of its infringement of the '592 Patent at least as early as June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

62. Unirac has suffered, and continues to suffer, damages as a result of Easy Solar's infringement of the '592 Patent. The extent of damages suffered by Unirac and caused by Easy Solar is not yet known, but the damages are substantial and will be determined at trial.

63. In addition, Unirac and Easy Solar are direct competitors. On information and belief, Easy Solar will continue its infringing activities and continue to damage Unirac, unless and until enjoined by this Court.

64. Easy Solar's further infringement of the '592 Patent after the filing of this Complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent rights. Easy Solar's intentional, knowing, and willful infringement entitles Unirac to increased

damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. D966,199

65. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

66. On information and belief, Easy Solar has directly infringed and continues to directly infringe claim 1 of the D199 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Easy Solar's infringement is attached as Exhibit 11.

67. Easy Solar received actual notice of its infringement of the D199 Patent at least as early as June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

68. Unirac has suffered, and continues to suffer, damages as a result of Easy Solar's infringement of the D199 Patent. The extent of damages suffered by Unirac and caused by Easy Solar is not yet known, but the damages are substantial and will be determined at trial.

69. In addition, Unirac and Easy Solar are direct competitors. On information and belief, Easy Solar will continue its infringing activities and continue to damage Unirac, unless and until enjoined by this Court.

70. Easy Solar's further infringement of the D199 Patent after the filing of this Complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent

rights. Easy Solar's intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. D1,015,279

71. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

72. On information and belief, Easy Solar has directly infringed and continues to directly infringe claim 1 of the D279 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Easy Solar's infringement is attached as Exhibit 12.

73. Easy Solar received actual notice of its infringement of the D279 Patent at least as early as June 30, 2025, the date on which Easy Solar was served a notice of infringement of the Asserted Patents, along with copies of the Asserted Patents and claim charts mapping the Asserted Claims to corresponding features of the Accused Products.

74. Unirac has suffered, and continues to suffer, damages as a result of Easy Solar's infringement of the D279 Patent. The extent of damages suffered by Unirac and caused by Easy Solar is not yet known, but the damages are substantial and will be determined at trial.

75. In addition, Unirac and Easy Solar are direct competitors. On information and belief, Easy Solar will continue its infringing activities and continue to damage Unirac, unless and until enjoined by this Court.

76. Easy Solar's further infringement of the D279 Patent after the filing of this Complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent rights. Easy Solar's intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

77. In accordance with Federal Rule of Civil Procedure 38(b), Unirac demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Unirac respectfully prays for relief as follows:

A. a judgment that Easy Solar has infringed and continues to infringe one or more claims of the Asserted Patents;

B. a judgment that Easy Solar has willfully infringed one or more claims of the Asserted Patents;

C. a permanent injunction issued against Easy Solar and its agents, officers, directors, employees, attorneys, successors, and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of Easy Solar, or in active concert, participation, or combination with them, including customers and distributors, prohibiting Easy Solar from:

    a. continuing acts of infringement of the Asserted Patents,

    b. making, using, selling, and/or importing infringing products, to include any colorable imitation thereof, and

        c.      otherwise infringing the Asserted Patents;

D.      judgment awarding Unirac all damages adequate to compensate for Easy Solar's infringement, and in no event less than a reasonable royalty for Easy Solar's infringement of the '121 Patent, '685 Patent, '288 Patent, and '592 Patent, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

E.      a judgment awarding Unirac treble damages pursuant to 35 U.S.C. § 284 as a result of Easy Solar's willful conduct;

F.      a judgment awarding Unirac damages in the form of Easy Solar's profits for infringement of the D199 Patent and the D279 Patent, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

G.      a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Unirac its reasonable Attorneys' Fees and Taxable Costs incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

for such additional and further relief in law and equity, as the Court may deem just and proper.

Respectfully submitted, this 14th day of July, 2025.

*/s/ Kennedy D. Nate*
Kennedy D. Nate (14266)
Michael K. Erickson (12503)
**RAY QUINNEY & NEBEKER P.C.**
36 South State St., Ste. 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
knate@rqn.com
merickson@rqn.com

William B. Dyer III (to be admitted *pro hac vice*)
Hala Mourad (to be admitted *pro hac vice*)
Ryan P. Gentes (to be admitted *pro hac vice*)
Steven Philbin (to be admitted *pro hac vice*)
**LEE & HAYES, P.C.**
75 14th St. NE, Ste. 2500
Atlanta GA 30309
Telephone: (404) 815-1900
bill.dyer@leehayes.com
hala.mourad@leehayes.com
ryan.gentes@leehayes.com
steven.philbin@leehayes.com

*Attorneys for Plaintiff Unirac, Inc.*